**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DONALD FRAZIER | ) | |
| | ) | |
| v. | ) | 3-07-CV-781-M |
| | ) | |
| CINEMARK USA, INC. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order filed on May 1, 2007, and the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) came on to be considered Defendant Cinemark USA, Inc.'s motion for summary judgment filed on January 31, 2008, and having reviewed the relevant pleadings and papers[1] the magistrate judge finds and recommends as follows:

**FINDINGS AND CONCLUSIONS**:

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catreet,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54 (1986). After a proper motion for summary judgment is made the non-movant must then identify specific evidence of record which establishes the existence of one or more issues of fact, i.e. a non-movant may not merely rest on his or her pleadings. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2502 (1986); *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). In addition, neither conclusory

---

[1]*See* documents 35, 36, 37, 40, 41, 42 and 44.

allegations nor hearsay statements are competent evidence sufficient to defeat a motion for summary judgment. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.) cert. denied 506 U.S. 825, 113 S.Ct. 82 (1992). In analyzing the competent evidence proffered by the parties, the facts and inferences to be drawn are viewed in the light most favorable to the non-movant. *Herrera v. Millsap,* 862 F.2d 1157, 1159 (5th Cir. 1989).

Cinemark U.S.A., Inc. argues that Frazier has failed to satisfy the administrative requirements of Title VII to invoke this court's jurisdiction. First, it argues that he failed to file his complaint in this court within 90 days of his receipt of the EEOC's right-to-sue letter. In this circuit the 90-day limitation is strictly construed. *See e.g. Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

The summary judgment evidence submitted by Defendant reflects that the EEOC issued a right-to-sue letter with respect to Plaintiff's Charge No. 450-2006-02008 on January 26, 2007. *See* Defendant's Appendix at 38. Frazier did not file his complaint in this action until May 1, 2007, which was 94 days after the right-to-sue letter was dated. However, the 90-day period runs from the date the complainant *received* the letter. *See* 42 U.S.C. § 2000e-16(c). In response Plaintiff proffered the envelope in which the letter was sent, reflecting a mailing date of February 1, 2007. *See* Plaintiff's Appendix at 50; *See also* Defendant's Appendix at 72. Assuming that it was received by Frazier on February 2, 2007, his complaint was filed 88 days after he received the EEOC's letter, but even if this is not accepted as conclusive on the timeliness issue, it is clear that a genuine issue of material fact exists which forecloses dismissal of Plaintiff's complaint on this basis.

Second, Cinemark claims that Frazier did not file a timely complaint with the EEOC with respect to the retaliation claim asserted in his action filed in this court on May 1, 2007. An

2

individual must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).  *See Mennor v. Fort Hood National Bank,* 829 F.2d 553, 556 (5th Cir. 1987), and *Griffin v. City of Dallas,* 26 F.3d 610, 612 (5th Cir. 1994).  The filing of a timely EEOC complaint is a statutory prerequisite to a judicial complaint and a claim is time barred if not filed within the 300 day period. *National R.R. Corp. v. Morgan,* 536 U.S. 101, 109, 122 S.Ct. 2061 (2002).

The evidence before the court shows that Frazier filed an EEOC complaint on February 3, 2005, while employed at one of Defendant's theater complexes in Oklahoma City. *See* Plaintiff's Appendix at 5.  It also appears that he filed a discrimination complaint with the Oklahoma Human Rights Commission on February 18, 2005. *Id.* at 7.  Both complaints related to a one-week suspension without pay from January 20 to January 27, 2005.  On August 3, 2005, the EEOC issued a right-to-sue letter. Defendant's Appendix at 35. No legal action was filed. On or about June 13, 2005, Frazier was written up for poor job performance as a result of which he was again suspended for one week.  *Id.* at 55-56.

On June 20, 2006, Frazier filed another complaint with the EEOC after he moved from Oklahoma City to Dallas alleging that he had been retaliated against by reason of his previous administrative complaints filed in February 2005.  It is undisputed that the last active day of his employment with Defendant was August 25, 2005.  It is also clear that Frazier filed for and received unemployment benefits from the State of Oklahoma following his last day of work with the Tinseltown theater in Oklahoma City based upon his representation that he had resigned his

3

employment. *See* Defendant's Appendix at 23 pages 154-156 and at 27, page 172.[2]

Although the EEOC complaint alleging retaliation shows that Frazier claimed that the discriminatory conduct took place though June 19, 2006, *See* Defendant's Appendix at 36, it is clear from the record, including Plaintiff's own admissions and statements, that his employment with Defendant ended no later than August 31, 2005. However, because he filed his retaliation complaint with the EEOC 293 days after he left his employment at the Tinseltown theater in Oklahoma City his complaint is not subject to dismissal as being untimely filed.

In the alternative Defendant claims that it is entitled to summary judgment on Frazier's retaliation claim. The merits of his claim are analyzed under the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). *See e.g. Septimus v. University of Houston*, 399 F.3d 601, 608 (5th Cir. 2008). The first step in the *McDonnell Douglas* test is to determine if the plaintiff can make a *prima facie* showing of retaliation. Specifically Frazier must show (1) that he was engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action. *Pineda v. United Parcel Service, Inc.,* 360 F.3d 483, 487 (5th Cir. 2004).[3]

It is undisputed that filing employment discrimination complaints, *See* Plaintiff's Appendix at 5 and 7, constitute protected activities within the purview of Title VII. Defendant argues that a

---

[2]Prior to issuance of process in this case, the undersigned issued a questionnaire to Mr. Frazier when the live complaint named Multiplex Services, Inc. as the defendant. In his answers to the questionnaire filed on May 22, 2007, he attached a copy of an unemployment insurance decision finding that he voluntarily quit his job in August 2005.

[3]To satisfy the causal link, a plaintiff is required to show that the adverse employment action would not have occurred *but for* the protected conduct. *See Strong v. University Health Care System, L.L.C.,* 482 F.3d 802, 806 (5th Cir. 2007), citing *Septimus v. University of Houston, supra,* at 608.

4

reduction in the hours that Frazier was authorized to work following a conversation in late August 2005 with Patrick Amrine, the person responsible for the work schedule assignments of "Usher-B" employees, did not constitute an adverse employment action. In his declaration signed on January 25, 2008, Amrine described an incident in August which resulted in his reducing Plaintiff's work hours for the week following the date on which Frazier failed to report for work. However, Amrine expressly denied that he terminated Frazier's employment or that he intended Frazier to resign. Defendant's Appendix at 43 ¶ 14.

Frazier's own recollection of the events leading up to his last day he reported to Amrine is not inconsistent with the statements in Amrine's declaration. He conceded that he was never told he was fired and that he resigned his employment because Amrine could not or would not tell him how many hours that he would be scheduled to work in the future. *See* Defendant's Appendix 22, *et seq* at pages 150-156. It is uncontroverted that the "Usher-B" employees' hours varied depending upon the volume of patrons at the Tinseltown theater. Likewise there is no question that other "Usher-B" employees had been employed longer than Plaintiff. *Id.* at 57-58 Given the fact that "Usher-B" employees rarely worked even twenty hours per work, Amrine's reduction in Frazier's work schedule for the week following the date on which Frazier did not report to work does not constitute conduct which a reasonable fact finder could determine to be an adverse employment action on Defendant's part, particularly in light of his concession that he "resigned" as an employee and in the absence of conduct on Amrine's part from which a fact finder could reasonably determine that he was constructively discharged.[4] Therefore, Plaintiff has failed to carry his burden of

---

[4]*See Barrow v. New Orleans Steamship Association,* 10 F.3d 292, 297 (5th Cir. 1997), setting out seven factors to be considered in addressing whether a plaintiff was constructively discharged. A plaintiff bears the burden to "establish that working conditions were so

establishing a *prima facie* case of retaliation.[5]

Alternatively, assuming *arguendo* that Plaintiff has carried his initial burden, Cinemark has proffered non-retaliatory reasons for its actions. Specifically it has demonstrated that prior to August 2005 he was twice suspended for performance-related shortcomings. *See* Defendant's Appendix at 44 and 55. Also, he was junior in time of service to many of the other "Usher-B" employees. *Id.* at 57. Finally, as related by Patrick Amrine he limited Plaintiff's hours the week after he failed to report for lack of transportation because Amrine believed that Frazier was less reliable than the other "Usher-B" employees. *Id.* at 42-43. Finally, it is uncontroverted that Amrine was unaware that Plaintiff had previously filed discrimination complaints with the EEOC and the Oklahoma Human Rights Commission at the time he reduced his scheduled work hours.

Since Cinemark has discharged its burden of producing non-retaliatory, legitimate reasons for reducing Plaintiff's scheduled work hours, the burden shifts back to Frazier to show that Defendant's stated reasons were pretextual, to wit: that Plaintiff's evidence establishes specific facts controverting the reasons given by Cinemark and creating a reasonable inference that retaliation was a determinative factor in Amrine's actions. *See Boyd v. State Farm Insurance Co.*, 158 F.3d 326, 328-29 (5th Cir. 1998). Given that Amrine was unaware of Frazier's prior complaints, his attempt to demonstrate a genuine issue of fact with respect to the causality element of his retaliation claim fails. *See e.g. Casarez v. Burlington Northern/Santa Fe Co.,* 193 F.3d 334, 339, reh. denied 201

---

intolerable that a reasonable person would feel *compelled* to resign." *Brown v. Kinney Shoe Corp.,* 237 F.3d 556, 566 (5th Cir. 2001) citing *Faruki v. Parsons*, 123 F.3d 315, 319 (5th Cir. 1997). The summary judgment evidence in the present case fails to raise a genuine issue of fact as to whether Frazier was constructively discharged.

[5]Because Frazier has failed to show that he suffered an adverse employment action the court need not address the third element of a retaliation claim.

F.3d 383 (5th Cir. 1999) - affirming summary judgment on the plaintiff's retaliation claim when the responsible person for hiring was never identified nor was it shown the decision maker(s) was even aware of the plaintiff's protected activity; *Haynes v. Pennzoil Co.,* 207 F.3d 296-, 299 (5th Cir. 2000) - affirming summary judgment on retaliation claim where the EEOC complaint (the protected activity) was mailed to the defendant on the same date the plaintiff was discharged.[6]

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court enter its order granting Defendant Cinemark's motion for summary judgment and that judgment be entered dismissing Plaintiff's Amended Complaint with prejudice.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendants.

SIGNED this 12th day of March, 2008.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[6]The fact that Frazier placed calls to the office of Cinemark's Director of Human Resources, Bradley S. Smith, in Plano, Texas, after he moved to Texas, and which did not involve conversations with Smith, himself, and which occurred after Frazier resigned are wholly irrelevant to his retaliation claim.

7